## COMMONWEALTH *vs.* JANE A. CAMERON.

Suffolk. January 29. — 30, 1886. HOLMES & GARDNER, JJ., absent.

At the trial of a complaint for placing and maintaining a screen, blind, shutter, and curtain upon premises alleged to be licensed for the sale of intoxicating liquors, a police officer testified that, on the day named in the complaint, in passing the defendant's premises, he saw the curtains drawn so as to prevent a view of the interior ; that he went in, and asked the defendant if he was the licensed owner of the place ; that the defendant said he was, and that he was licensed; and that the witness called the defendant's attention to the screens, and he made some reply which the witness could not remember. *Held*, that the jury might infer, from the defendant's admissions that he was licensed and was the licensed owner of the premises, that he had a license to sell intoxicating liquors.

COMPLAINT to the Municipal Court of the city of Boston, alleging that the defendant, on July 31, 1885, at Boston, was duly licensed to sell spirituous and intoxicating liquors in certain premises on Head Place in said Boston ; that said premises were then and there used by the defendant for the sale of such liquors ; and that the defendant did then and there place and maintain upon said premises a certain screen, blind, shutter, curtain, partition, &c., in such a way as to interfere with a view of the business conducted upon said premises, and with a view of the interior of said premises. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows :

One Hanley, a police officer, testified as follows : " About 11.35 P. M., on July 31, 1885, in passing the premises alleged, I saw the curtains drawn up so as to prevent a view of the interior. I went in and saw a young man, the defendant's son, who, at my request, called the defendant down stairs. She came into the dining-room, and I asked her if she was the licensed owner of this place. She said she was ; she said she was licensed, and I called her attention to the screens, and she made some reply which I cannot exactly remember." On cross-examination, he testified that he was in the place once before, but did not know how business was conducted there.

One Frohock, a police officer, testified that, at the time mentioned, he was with Hanley, and that the curtains were drawn on two windows so as to prevent a view of the premises.

The defendant offered no evidence, but asked the judge to rule that the allegation in the complaint, that the defendant was duly licensed to sell intoxicating liquors, was not properly or sufficiently proved ; that it should be proved by the record prescribed by the statute ; and that there was no proper evidence upon this point on which to submit the case to the jury.

The judge declined so to rule ; but ruled that, if the jury believed the testimony of the officer, and from that were satisfied beyond all reasonable doubt, from the circumstances of the case, that, when the defendant said she was licensed, she referred to a license to sell intoxicating liquors on the premises in question, such an admission would render it unnecessary to procure record evidence of such license.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*P. A. Collins & J. H. Burke,* (*G. A. Griffin* with them,) for the defendant, contended that no evidence was offered to show whether the license referred to by the defendant was a junk-dealer's license, a pawnbroker's, a common victualler's, or one under the internal revenue laws of the United States.

*E. J. Sherman,* Attorney General, *& H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

BY THE COURT. The admissions of the defendant that "she was licensed," and "was the licensed owner" of the premises, were competent. Taken in connection with the fact that the conversation with the officer was in relation to her use of screens or curtains, the inference is strong that what she meant was that she was licensed to sell intoxicating liquors. It was a question for the jury, and the case was submitted to them with proper instructions.                *Exceptions overruled.*